# In the United States Court of Federal Claims

No. 20-1002C

(Filed: December 17, 2020)

(**NOT TO BE PUBLISHED**)

**MARKEITH D. TUCKER,**

***Plaintiff,***

**v.**

**THE UNITED STATES,**

***Defendant.***

*Markeith D. Tucker*, pro se.

*David M. Kerr*, United States Department of Justice, Civil Division, Washington, D.C., for Defendant. With him on the brief were *Jeffrey Bossert Clark*, Acting Assistant Attorney General, Civil Division, *Robert E. Kirschman, Jr.*, Director, and *Franklin E. White, Jr.*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

***SOLOMSON*, Judge.**

On August 7, 2020, Plaintiff, Markeith D. Tucker, a resident of Elk City, Oklahoma, proceeding *pro se*, filed a complaint against Defendant, the United States. ECF No. 1 ("Compl."). Mr. Tucker characterizes his filing as "class action lawsuits" against "'OCR,' 'SWOSU' and Federal District Courts," alleging that "[t]he United States has not enforced its Government working officials to enforce their own rules under case laws that are references to [his] pending cases at Federal District Court out of Western Oklahoma District 5[,] . . . that or [sic] being ignored by Federal Courts . . . ."[1] Compl. at 1–2. In a handwritten exhibit that Mr. Tucker submitted with

[1] As explained later in this opinion, "OCR" is short for the Office of Civil Rights of the United States Department of Education and "SWOSU" refers to Southwestern Oklahoma State

his Complaint, he further alleges that the Social Security Administration ("SSA") is "not enforcing their own rules." ECF No. 1-1 at 3. Mr. Tucker claims that these actions have "violate[d his] legal right[s]" under Article 2, § 36A of the Oklahoma Constitution,[2] 34 U.S.C. § 12601,[3] and 18 U.S.C. §§ 241–42.[4] ECF No. 1-1 at 1. Mr. Tucker is seeking "for the United States Court of Federal Claims to hold them accountable" for "$633 million."[5] Compl. at 2.

Mr. Tucker also filed a motion to proceed *in forma pauperis*. ECF No. 2. On October 2, 2020, the government filed a motion to dismiss the Complaint pursuant to Rule 12(b)(1) of the United States Court of Federal Claims ("RCFC") for lack of subject matter jurisdiction. ECF No. 8 at 1 ("Def. Mot. to Dismiss"). On October 29, 2020, with the Court's leave, Mr. Tucker filed a response to the government's motion. ECF No. 10.

**A. Motion To Proceed In Forma Pauperis**

Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." Framed properly, the question is not whether the plaintiff is utterly destitute but rather whether "paying such fees would constitute a serious hardship on the plaintiff." *Waltner v. United States*, 93 Fed. Cl. 139, 143 (2010).

Mr. Tucker represents in his motion that he is currently unemployed, has not received any money from any source within the past twelve months, has no cash in a checking or saving account, has no property of value, and relies on his great grandmother and mother to support his living expenses. ECF No. 2 at 2. Under these circumstances, Mr. Tucker has sufficiently demonstrated that he is unable to pay the court's filing fee. Accordingly, the Court grants Mr. Tucker's motion to proceed *in forma pauperis* in this case.

---

University, a public university located in Weatherford, Oklahoma.

[2] This provision prohibits "special treatment or discrimination based on race or sex in public employment, education and contracts." Okla. Const. art. 2, § 36A.

[3] Formerly codified as 42 U.S.C. § 14141 (which is how Mr. Tucker cites the statute as part of his Complaint), 34 U.S.C. § 12601 prohibits government officials from engaging in an unlawful "pattern or practice of conduct" in the administration of juvenile justice.

[4] These sections contain criminal penalties for violations of certain civil rights.

[5] In Mr. Tucker's response to the government's motion to dismiss, he lists his demand as "$900 million." ECF No. 10 at 6.

### B. Mr. Tucker's Complaint And The Government's Motion To Dismiss

Mr. Tucker is proceeding *pro se*, and this Court generally holds a *pro se* plaintiff's pleadings to "less stringent standards." *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *see also Troutman v. United States*, 51 Fed. Cl. 527, 531 (2002). The Court, however, "may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for *pro se* litigants only." *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). In short, "even pro se plaintiffs must persuade the court that jurisdictional requirements have been met." *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

While Mr. Tucker's Complaint is difficult to understand and generally devoid of factual support, he references the docket numbers for two cases that he filed in the federal District Court for the Western District of Oklahoma (the "District Court") during 2018: Case No. CIV-18-266-D and Case No. CIV-18-403-CG. Compl. at 1. The government in its motion helpfully provides some of the details of those lawsuits, *see* Def. Mot. to Dismiss at 3–4, and the Court through the CM/ECF system was able to uncover the rest of the facts. In CIV-18-266-D, the District Court dismissed, without prejudice, Mr. Tucker's allegations against Southwestern Oklahoma State University ("SWOSU") that "he suffered discrimination or other wrongful conduct in connection with an application for admission to, or federal financial assistance with, a college education" and the Office for Civil Rights ("OCR") of the United States Department of Education mishandled his discrimination grievance. *Tucker v. OCR*, 5:18-CV-00266, ECF No. 7, *2–*3 (W.D. Okla. May 21, 2018).[6] In CIV-18-403-CG,[7] Mr. Tucker filed a complaint with the District Court, alleging that the SSA unlawfully denied his request for an "emergency advance payment" under 20 C.F.R. § 416.520. *Tucker v. Berryhill*, 2018 WL 2392566, *1 (W.D. Okla. Apr. 30, 2018). The District Court dismissed that claim as well, finding that it generally lacked jurisdiction to review SSA's discretionary authority to award emergency advance payments. *Id.* at 2.

---

[6] Mr. Tucker later filed an appeal in this case, which was dismissed by the Tenth Circuit pursuant to 28 U.S.C. § 2107(b) for failure to file a timely notice of appeal within 60 days of the District Court's entry of judgment in the matter. *Tucker v. Office of Civil Rights*, No. 19-6030 (10th Cir. Mar. 7, 2019).

[7] The docket number that Mr. Tucker identifies for that case is a reference to a federal magistrate judge's Report and Recommendation, which was later adopted by the District Court. *Tucker v. Berryhill*, 2018 WL 2392555 (W.D. Okla. May 25, 2018). Mr. Tucker's appeal from that ruling was dismissed by the Tenth Circuit, like his other case, for failure to comply with the mandatory 60-day filing deadline. *Tucker v. Comm'r, SSA*, 2019 WL 4121999, *1 (10th Cir. Mar. 6, 2019).

From the onset, this Court should be clear that it has "no duty . . . to create a claim which [the plaintiff] has not spelled out in his pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quotation omitted). Even assuming, because of Mr. Tucker's *pro se* status, that the docket numbers for the cases that he references in the Complaint can be construed as factual allegations, the government argues that the Complaint should be dismissed for lack of subject matter jurisdiction. Def. Mot. to Dismiss at 1. Generally, "[t]he jurisdiction of the Court of Federal Claims is defined by the Tucker Act, which gives the court authority to render judgment on certain monetary claims against the United States." *RadioShack Corp. v. United States*, 566 F.3d 1358, 1360 (Fed. Cir. 2009). In pertinent part, the Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

Thus, this Court has jurisdiction "[f]or actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). The Tucker Act, however, "does not create a substantive cause of action." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Moreover, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). With respect to "money-mandating" claims, the plaintiff must identify a law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Id.* at 217 (quotation omitted).

For several reasons, the basis for Mr. Tucker's claims against the SSA, OCR, SWOSU, and the District Court, and the nature of the relief sought, are not within this Court's subject matter jurisdiction.

*First*, to the extent that Mr. Tucker is challenging the District Court's dismissal of his claims, "[b]inding precedent establishes that the Court of Federal Claims has no jurisdiction to review the merits of a decision rendered by a federal district court." *Shinnecock Indian Nation v. United States*, 782 F.3d 1345, 1352 (Fed. Cir. 2015). Rather,

"the remedy for a district court's legal error is reversal of the district court's decision, not a judgment for damages against the court." *Clemmons v. United States*, 283 Fed. App'x 786, 788 (Fed. Cir. 2008).

*Second*, even if the Complaint could be construed as attempting to revive Mr. Tucker's original claims that he brought in the District Court, this Court would still lack jurisdiction. Regarding Mr. Tucker's claim against the SSA, the federal district courts have exclusive jurisdiction over social security benefit claims pursuant to 42 U.S.C. § 405 and, as such, this Court "cannot adjudicate claims arising from the Social Security Act." *Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008), *aff'd*, 296 Fed. App'x 45 (Fed Cir. 2008) (citing *Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990)). The other statutory provisions that Mr. Tucker asserts as a basis for relief – 34 U.S.C. § 12601 and 18 U.S.C. §§ 241–42 – are likewise unavailing. None of these statutes contain a private right of action, *see Tucker v. United States Court of Appeals for Tenth Circuit*, 815 Fed. App'x 292, 294 (10th Cir. 2020), nor are they money-mandating provisions of law. *See Carter v. United States*, 142 Fed. Cl. 159, 163 (2019) (holding that 18 U.S.C. §§ 241–42 "do not provide for the payment of money").

*Finally*, any claim against SWOSU, a state university, suffers from a "critical jurisdictional flaw" because only the United States is a proper defendant before this Court. *Double Lion Uchet Express Trust v. United States*, 149 Fed. Cl. 415, 420 (2020). And any allegation based on Article 2, § 36A of the Oklahoma Constitution, like any state law claim, is similarly "outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007).

## ***CONCLUSION***

Accordingly, Mr. Tucker's pending motion to proceed *in forma pauperis* is **GRANTED**. The government's motion to dismiss pursuant to RCFC 12(b)(1) is **GRANTED** and Mr. Tucker's Complaint is hereby **DISMISSED**.

It is so **ORDERED.**

s/Matthew H. Solomson
Matthew H. Solomson
Judge